UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTINE WELLS-BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1672 HEA |
| | ) | |
| HEALTH SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count V of Plaintiff's First Amended Complaint for Failure to State a Claim upon which Relief can be Granted, [Doc. No. 11]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

## **Facts and Background**

Plaintiff's First Amended Complaint alleges that she is an African-American female who was employed by Defendant. The Complaint alleges that Plaintiff began her employment with Defendant[1] on August 26, 2010 and her employment was terminated on November 4, 2011.

---

[1] Defendant notes that the allegation that Plaintiff was employed by Defendant is factually incorrect in that she was employed by Bellefontaine Gardens Nursing and Rehab, Inc.

Plaintiff's Count V seeks to recover for an alleged illegal search of her personal items in violation of the Fourth Amendment to the United States Constitution.

## Discussion

### Rule 12(b)(6) Standard

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendant moves to dismiss Counts V on the ground that the Fourth Amendment is inapplicable to private conduct. Defendant is correct that the protection afforded by the Fourth Amendment has been "consistently construed as proscribing only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an

agent of the Government or with the participation or knowledge of any governmental official." *Garmon v. Frost*, 741 F.2d 1069, 1072 (8th Cir. 1984).

Although Plaintiff alleges that Defendant is regulated by the State of Missouri, she is unable to state a cause of action against Defendant because she alleges that two of Defendants' employees were the ones that cause her desk and office to be searched. The alleged actions were performed by private individuals, and therefore, is inactionable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count V, [Doc. No. 11], is granted.

Dated this 12th day of August, 2013.

          HENRY EDWARD AUTREY
         UNITED STATES DISTRICT JUDGE